IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **WILSON L. CLOW JR., and LYNNE A. CLOW,**<br><br>Plaintiffs,<br><br>v.<br><br>**BANK OF AMERICA, NA; BAC (BANK OF AMERICA CORPORATION),**<br><br>Defendant. | Civil No. 1:12-cv-00222-CL<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

CLARKE, Magistrate Judge:

Plaintiffs, who are proceeding pro se, have filed a complaint captioned, "Real Estate Contract[,] Breach of Contract[,] Failure to Perform." This court appears to have jurisdiction pursuant to 28 U.S.C. § 1332. Defendant Bank of America, National Association,[1] has filed a motion to dismiss (#5) pursuant to Federal Rules of Civil Procedure 12(b)(6) on the ground that plaintiffs fail to state a claim upon which relief can be granted. Plaintiffs oppose

---

[1] Defendant states plaintiffs' complaint is incorrectly captioned as Bank of America, NA, BAC (Bank of America Corporation).

Report and Recommendation - Page 1

defendant's motion. For the reasons explained, defendant's motion to dismiss should be granted.

## **LEGAL STANDARDS**

In considering whether a complaint states a claim for relief under Rule 12(b)(6), the factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, the court accepts the complaint allegations of material fact as true and construes these allegations in favor of the non-moving party. N. Cnty. Cmty. Alliance, Inc. v. Salazar, 573 F.3d 738, 741-42 (9th Cir. 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 2095 (2010). The court may consider documents which are referenced in the complaint and whose authenticity are not questioned by the parties, and matters subject to judicial notice. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550

(9th Cir. 1990); Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (" 'incorporation by reference doctrine' ").

Neither Iqbal nor Twombly altered the court's treatment of pro se pleadings. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. L.A. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## DISCUSSION

Defendant moves to dismiss on the ground that this action is barred by the doctrine of res judicata. The defense of res judicata may be raised by a Rule 12(b)(6) motion when all relevant facts are shown by the court's records, of which the court may take notice. Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992) (and case cited).

Defendant requests judicial notice pursuant to Federal Rules of Evidence 201 of each document on file in the District of Oregon case, Clow v. Bank of America, Case No. 1:10-cv-03093-CL (Clow I). This court may take judicial notice of its own records. Chandler v. United States, 378 F.2d 906, 909 (9th Cir.1967); see Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) ("'matters of public record'"), impliedly overruled on another ground as discussed in Gallardo v. DiCarlo. 203 F. Supp.2d 1160 (C.D. Cal. 2002). Defendant's request is granted.

Report and Recommendation - Page 3

The Supreme Court has stated that res judicata "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). The federal law of claim preclusion applies to the court's determination in this case. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 n.10 (9th Cir. 2003). In the Ninth Circuit,

> Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. In order for res judicata to apply there must be: 1) an identity of claims; 2) a final judgment on the merits, and 3) identity or privity between parties. Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-24 [] (1971).

W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1193 (9th Cir. 1997) (citations omitted); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

A limitation on application of preclusion is that the litigant must have had a "full and fair opportunity" to litigate the issue in the earlier case. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480-81 & n.22 (1982).

Plaintiffs do not contest the element of identity of parties in Clow I and the present case. Plaintiffs assert in their response that they agree with the Court's ruling in Clow I to dismiss that case as there was no pleading or stated claim for relief for breach of contract. They contend a breach of contract claim is pleaded in the present case and there is no basis for a dismissal under res judicata. In their surreply, plaintiffs assert that the first case was not dismissed with prejudice and that case was not addressed or argued by defendant and the issue was not decided and, therefore, res judicata does not apply. By these arguments, it

Report and Recommendation - Page 4

appears plaintiffs challenge the elements that an identity of claims must be present and that there be a final judgment on the merits in the earlier action.

**Element of Identity of Claims**

The Ninth Circuit has held that "'The central criterion in determining whether there is an identity of claims between the first and second adjudications is "whether the two suits arise out of the same transactional nucleus of facts."'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)). New claims which are based on the same nucleus of facts may be precluded if they could have been brought in the earlier action. Tahoe-Sierra Pres. Council, 322 F.3d at 1078.

Plaintiffs argue their breach of contract claim pleaded in this second case is based upon three payments made in full under the UCC and their request for relief is in compliance with the contract between the parties, ORS 86.720, and clauses in the deed of trust and note. The facts alleged in Clow I clearly involved the same deed of trust and note as is alleged in this case. In their amended complaint filed in Clow I, which was the subject of defendant Bank of America's motion to dismiss addressed in the Court's December 19, 2011, Report and Recommendation, plaintiff alleged as a claim that, "Defendant has been paid in full 3 times under the UCC and has yet to reconvey the Deed of Trust or make Credit to the account" and that "Plaintiff presented three times including recently a presentment under UCC which was neither rejected, refused, or returned by Defendant which according to the UCC means the debt was paid in full." (Clow I #24 Am. Compl. at 10.) The Court

Report and Recommendation - Page 5

characterized plaintiffs' response to the motion in Clow I as alleging, in part, "claims for breach of contract arising from defendants not crediting payments received and payment in full . . . in violation of the promissory note and deed of trust section 23." (Clow I #35 R&R at 4; #40 Order.) Even if the breach of contract claim was not pleaded and decided in Clow I as plaintiffs argue, the two cases arise out of the same facts and the claim should have been, and could have been, raised in the earlier litigation. See Stewart, 297 F.3d at 956.

The Court finds the requisite element of identity of claims in the two cases is met here.

**Element of Final Judgment on the Merits in Earlier Action**

In Clow I, the Court granted defendants' motion to dismiss brought under Federal Rules of Civil Procedure 12(b)(6) on the ground that plaintiffs failed to state a claim and judgment was entered in favor of defendants.

"Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies," and "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" Stewart, 297 F.3d at 956-57 (and authorities cited). Although plaintiffs assert Clow I was not dismissed with prejudice, Rule 41 relating to involuntary dismissals, provides that "Unless the dismissal order states otherwise, . . . any dismissal . . .–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); see Stewart, 297 F.3d at 956. No exception applies to the general rule that the dismissal of Clow I was with prejudice.

Report and Recommendation - Page 6

The Court finds the requisite element of a final judgment on the merits in the first case is met here.

**Conclusion**

All elements showing this action is barred by res judicata are met. This action should be dismissed with prejudice.

## ORDER

Defendant's request for judicial notice is granted.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendant's motion to dismiss plaintiffs' action (#5) be granted, this case be dismissed without leave to amend, and judgment be entered dismissing this case with prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by June 25, 2012. If objections are filed, any response to the objections are due by July 12, 2012,* see *Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues

Report and Recommendation - Page 7

and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 5 day of June 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE